IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**UNITED STATES OF AMERICA**

**V.**                                                          **CRIMINAL NO. 2:06-CR-21-KS-JMR**

**IVORY CHARLES KINDRED, et al.**

MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Defendant Ivory Charles Kindred's Motion to Vacate [46] his sentence.

*A.   Background*

On August 24, 2006, Defendant pled guilty to Count 2 of the indictment [12]. Therein, the Government charged that Defendant knowingly and intentionally attempted to possess with intent to distribute more than one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I non-narcotic drug controlled substance, as prohibited by 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2.

On March 15, 2007, the Court sentenced [34] Defendant to one hundred sixty-eight (168) months in prison. The sentence represented the very bottom of the sentencing guideline range. The offense carried a mandatory minimum of five years in prison. *See* 21 U.S.C. § 841(b)(1)(B)(vii). The mandatory minimum was enhanced because of the quantity of drugs involved, Defendant's possession of a dangerous weapon, and Defendant's role as a leader in the criminal activity. *See* U.S. SENTENCING GUIDELINES MANUAL §§ 2D1.1(b)(1), (c)(3); 3B1.1(c).

On August 5, 2013, Defendant filed a Motion to Vacate [46]. Defendant argues that *United States v. Alleyne*, – U.S. – , 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), requires that the Court vacate his sentence because two of guideline enhancements applied by the Court (Defendant's possession of a weapon and leadership role) required findings of fact that were not charged in the indictment.

### *B.   Discussion*

In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2155. If a fact produces a higher sentencing range, it "must . . . be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2162-63. The Court was careful to note, however, that its "ruling does not mean that any fact that influences judicial discretion must be found by a jury." *Id.* at 2163. "[T]he judge, when he pronounces sentence, may suffer his discretion to be influenced by matter shown in aggravation or mitigation, not covered by the allegations of the indictment. Establishing what punishment is available by law and setting a specific punishment within the bounds that the law has prescribed are two different things." *Id.*

*Alleyne* is inapplicable here because the Court's fact-finding did not increase the mandatory minimum sentence. The Court determined the sentence by starting with the mandatory minimum prescribed by 21 U.S.C. § 841(b)(1)(B)(vii) and applying guideline enhancements. The final sentence was within the range prescribed by statute, and the Supreme Court specifically held that a trial judge has discretion to consider matters in aggravation or mitigation when setting a punishment within the

2

statutory boundaries. *Id.*

Furthermore, *Alleyne* does not apply retroactively. *See Simpson v. United States*, 2013 U.S. App. LEXIS 13902, at *2-*3 (7th Cir. July 10, 2013); *Mitchell v. United States*, 2013 U.S. Dist. LEXIS 120755, at *6 n. 1 (W.D. Tex. Aug. 26, 2013); *United States v. Ailsworth*, 2013 WL 4011072, at *1 (D. Kan. Aug. 6, 2013); *United States v. Cantu-Rivera*, 2013 U.S. Dist. LEXIS 103188, at *3 (S.D. Tex. July 24, 2013). The Supreme Court did not state as much in its opinion, and "*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). The Supreme Court has held that other rules based on *Apprendi* do not apply retroactively on collateral review." *Mitchell*, 2013 U.S. Dist. LEXIS 120755 at *6 n. 1.

For these reasons, the Court **denies** Defendant's Motion to Vacate [46] his sentence.

SO ORDERED AND ADJUDGED this 28th day of August, 2013.

                                            *s/ Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE